UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS GUY ERDMAN,

        Petitioner,           CIVIL CASE NO.  99-74139

v.                                      JUDGE PAUL D. BORMAN

KENNY ROBINSON,

        Respondent

_____/

## ORDER DENYING PETITIONER'S FEDERAL RULE OF CIVIL PROCEDURE 60(b)(6) MOTION FOR RELIEF FROM JUDGMENT

On August 26, 1999, petitioner filed his petition for a writ of federal habeas corpus.  On July 19, 2002, United States Magistrate Judge Thomas A. Carlson issued a report and recommendation recommending that the petition be denied because petitioner had procedurally defaulted his claims in state court and failed to show legally acceptable cause for his default and prejudice therefrom.  (Report and Recommendation, July 19, 2002).  Magistrate Judge Carlson also noted that "[g]iven the fact that petitioner testified that he was driving the car that killed the victim, there was little likelihood that petitioner's conviction amounted to a miscarriage of justice or was fundamentally unfair."  (Id. at 10) (citing *Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995)).  On August 14, 2002, the Court issued an order accepting the magistrate judge's report and recommendation and denying petitioner's petition for writ of habeas corpus.  On January 7, 2004, Petitioner filed a motion for relief from judgment which this Court denied on February 4, 2004.  The Court denied Petitioner's Motion *inter alia* based upon limitations period provided in Rule 60(b).  Rule 60(b) states that "[t]he motion shall be made within a reasonable

time." Petitioner's instant motion is based upon Rule 60(b)(6)'s catch all provision which provides that "a court may relieve a party or a party's legal representative from a final judgment, order or proceeding for ... (6) any other reason justifying relief from the operation of judgment." Fed. R. Civ. P. 60(b)(6).

The Order in question was entered on August 14, 2002. On March 9, 2005, Petitioner filed another Motion for Relief from Judgment over a year after his last Motion for Relief from Judgment was denied and more than two years after the Court's 2002 Order dismissing his habeas petition. Accordingly, under the plain language of Rule 60(b), Petitioner is not entitled to relief from judgment pursuant to Fed. R. Civ. P. 60(b) because his Motion is untimely. Accordingly, the Court DENIES Petitioner's Motion for Relief from Judgment.

SO ORDERED.

      s/ Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: May 13, 2005

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on May 13, 2005.

s/Jonie Parker
Case Manager