UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS ERDMAN,

        Petitioner,

                              CASE NO. 99-CV-74139-DT

v.

                              PAUL D. BORMAN
                              UNITED STATES DISTRICT JUDGE

KENNY ROBINSON,

        Respondent.

_____/

**ORDER
(1) STRIKING PETITIONER'S MOTIONS
FOR RELIEF FROM JUDGMENT,
FOR LEAVE TO FILE AN AMENDED HABEAS PETITION,
AND FOR PRE-AEDPA STANDARD OF REVIEW,
(2) ENJOINING PETITIONER FROM FILING ANY DOCUMENT OR ACTION
RELATING TO HIS CONVICTIONS AND SENTENCE AND
(3) DIRECTING THE CLERK OF COURT NOT TO FILE
ANY DOCUMENT OR ACTION FROM PETITIONER**

This matter is pending before the Court on Petitioner's fourth motion for relief from judgment in this case. Also pending before the Court are Petitioner's motions to file an amended habeas corpus petition and for application of a standard of review predating the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).

Petitioner initiated this action with a petition for a writ of habeas corpus on August 26, 1999. The habeas petition challenged Petitioner's manslaughter conviction. On July 19, 2002, United States Magistrate Judge Thomas A. Carlson issued a report and recommendation that the petition be dismissed because Petitioner had procedurally defaulted his claims in state court and had failed to show "cause" for his default and resulting prejudice. Magistrate Judge Carlson

noted in his report and recommendation that, because Petitioner admitted driving the car that killed the victim, "there was little likelihood that Petitioner's conviction amounted to a miscarriage of justice or was fundamentally unfair." [Doc. #66, at 10, July 19, 2002.]

In an order dated August 14, 2002, the Court accepted the magistrate judge's report and recommendation and denied Petitioner's application for the writ of habeas corpus. The Court stated in a footnote that Petitioner had filed twenty-eight other cases in this District and that, in every one of those cases, Petitioner's complaint or petition was denied and each appeal had resulted in the Court of Appeals affirming the District Court's decision. [Doc. #85, Aug. 14, 2002.]

Petitioner appealed the Court's decision without success. The Court of Appeals denied Petitioner's application for a certificate of appealability, stating that Petitioner had "failed to make a substantial showing of the denial of a federal constitutional right for the reasons set forth in the district court's opinion." *Erdman v. Robinson*, No. 02-2141 (6th Cir. Mar. 21, 2003).

On January 23, 2003, Petitioner filed his first motion for relief from judgment and a motion for appointment of counsel. The Court found no merit in Petitioner's arguments and denied his motion for relief from judgment. The Court denied Petitioner's motion for appointment of counsel as moot. [Doc. #93, Apr. 8, 2003.]

On January 7, 2004, Petitioner filed another motion for relief from judgment. He alleged that the Court should vacate its dispositive opinion and enter a dismissal without prejudice so that he could exhaust state court remedies for his claims. The Court denied Petitioner's motion because it was untimely under Federal Rule of Civil Procedure 60(b). [Doc. #101, Feb. 6, 2004.] Petitioner appealed the Court's order, but the Court of Appeals dismissed his appeal after

determining that Petitioner was attempting to challenge his conviction. *See Erdman v. Robinson*, No. 04-1219 (6th Cir. Aug. 19, 2004). The Court of Appeals quoted from one of its previous orders in which it wrote:

> Erdman is prohibited from filing ANY document with this court or the district court challenging his convictions. The clerk of this court and the clerk of the district court are ORDERED not to accept for filing ANY document or action relating to Erdman's convictions and sentences.

*In re Dennis Erdman*, No. 02-1529 (6th Cir. Sept. 12, 2002).

Petitioner filed a third motion for relief from judgment on March 8, 2005. The Court ruled that, "under the plain language of Rule 60(b), Petitioner [was] not entitled to relief from judgment pursuant to Fed. R. Civ. P. 60(b) because his Motion [was] untimely." [Doc. #112, at 2, May 13, 2005.]

Petitioner filed the pending motions on February 17, 2006. He wants the Court to vacate its dispositive order dated August 14, 2002, to reinstate this action, and to rule on the merits of his proposed amended petition under the standard of relief in effect before the AEDPA was enacted in 1996. He claims that he can show "cause" to excuse his previous procedural default and prejudice.

Although Petitioner claims that he is attacking a procedural defect in the proceedings, as opposed to the constitutionality of his conviction, his proposed amended habeas petition alleges that (1) his no-contest plea was involuntary and unintelligent, (2) his conviction was obtained pursuant to an unconstitutional search and seizure, (3) the prosecutor failed to disclose exculpatory evidence, (4) his trial attorney provided ineffective assistance, and (5) he was denied an appeal by right. Petitioner is making still another challenge to his manslaughter conviction. Therefore, in light of the injunction issued against Petitioner by the Court of Appeals, the Clerk

of Court is ORDERED to STRIKE Petitioner's pending motions from the docket.

IT IS FURTHER ORDERED that Petitioner is ENJOINED from filing any document or action related to his manslaughter conviction and sentence without leave of court. The Clerk of Court is ORDERED not to accept for filing any document or action related to Petitioner's manslaughter conviction and sentence without the Court's approval.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: May 8, 2006

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on May 8, 2006.

s/Jonie Parker
Case Manager

4